IN THE DISTRICT COURT OF TE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN

| | |
|---|---|
| MARY WAGES BOBO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | Civil Action No. 2:07cv482-MHT |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

STATE OF ALABAMA    )
MONTGOMERY COUNTY  )

### AFFIDAVIT

**BEFORE ME** the undersigned Notary Public in and for the State of Alabama at large personally appeared TIFFANY B. MCCORD, and after having been duly sworn did depose and say as follows:

"My name is Tiffany B. McCord and I was the Attorney for the Petitioner in the criminal matter giving rise to the above styled cause. The Petitioner asserts that she was denied her right to appeal; that she received ineffective assistance of counsel; and that she was not competent during the time in which she agreed to plead guilty. I have knowledge of some of the facts and circumstances as it relates to each of these claims.

A.   **Denial of Right to Appeal**

The Petitioner was originally charged with one count of Conspiracy to manufacture Methamphetamine and one count of Distribution of Pseudoephedrine. A plea agreement was arranged where the indictment against the Petitioner would be dismissed and she would be allowed to plead guilty to an information.

The Petitioner read the plea agreement and understood that there was a waiver of appeal included. I explained this waiver to her and explained under what circumstances she would be entitled to an appeal. At no point during my representation of the Petitioner did she express a desire to appeal any aspect of her case. At no point during my representation of the Petitioner did she express that she did not understand under what circumstances she would be allowed to appeal her case. At no point during the plea colloquy or the sentencing, when the waiver of appeal was explained to her, did she express that she did not understand the waiver or under what circumstances she would be allowed to appeal.

**B.     Ineffective Assistance of Counsel**

The Petitioner alleges that her representation was ineffective because an "Anders" brief was not filed on her behalf. However, the Petitioner never requested that an appeal be taken from her conviction. As counsel for the Petitioner, I did not see any non-frivolous grounds for appeal and I explained this to the Petitioner. Furthermore, she fails to state the grounds that should have been asserted or preserved in the brief.

**C.     Petitioner was not Competent to Understand the Nature of the Proceedings.**

The Petitioner asserts that she was depressed and did not understand the nature of the proceedings. However, during my entire representation of the Petitioner, she was lucid and able to understand and participate in the defense of her case. At no point during my representation of the Defendant did she exhibit an inability to understand or participate in the proceedings.

I met with the Petitioner numerous times in her home and in my office. Though I am not certified to diagnose mental illness, it was not apparent that the Petitioner was suffering from a mental illness that would render her unable to fully understand the nature of the proceedings.

In addition to meeting with the Petitioner, I met with numerous family members and friends

of the Petitioner. None of the family members or friends of the Petitioner indicated to me that the Petitioner was unable to understand or appreciate the nature of the proceedings."

Further the Affiant Sayeth Not.

_____
Tiffany B. McCord

Sworn to and subscribed before me on this 26th day of June, 2007.

_____
NOTARY PUBLIC

My commission expires: April 19, 2011