RECEIVED

2007 JUL 11 P 4: 34

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff | )<br>)<br>) |
| v. | )　CR NO. 2:05cr151-LSC<br>)　CV NO.: 2:07cv482-MHT |
| MARY WAGES BOBO,<br>　　　　　Defendant | )<br>) |

MEMORANDUM OF LAW IN SUPPORT OF HABEAS CORPUS
MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE PURSUANT TO 28 U.S.C.A. § 2255-FEDERAL

I. HISTORY OF THE CASE

Between April 10, 2003 and May 1, 2003, the defendant, Mary Wages Bobo, while aiding and abetting other persons and doing business in Horn Hill Grocery store, sold a total of 155 bottles of psuedoephedrine to a cooperating individual in Covington County, Alabama. On April 10, 2003, six (6) bottles and five (5) sets of blister packs stapled together were sold at Horn Hill Grocery. Each blister pack contains six tablets and six (6) blister packs stapled together equal one set or one bottle. Each tablet contains sixty (60) milligrams of psuedoephedrine. On April 24, 2003, 300 blister packs were sold to the cooperating individual at Horn Hill Grocery. On May 1, 2003, 408 blister packs, and 26 bottles were sold to the cooperating individual at Horn Hill Grocery. Each bottle contained 36 tablets, and each tablet contained 60 milligrams of pseudoephedrine. It was stated that I knew or had reason to believe

-2-

that the pseudoephedrine tablets were controlled chemicals that would be used to manufacture methamphetamine. The parties stipulate that pseudoephedrine is a Schedule II, Controlled Substance.

## II. STATEMENT OF FACTS

I was charged with Count 1 - 21 U.S.C. § 841(f)(1), Wrongful Distribution or Possession of listed Chemical and 18 U.S.C. § 2, Aiding and Abetting. I pled guilty to Count 1 - 21 U.S.C. § 841(f)(1), Wrongful Distribution or Possession of listed Chemical and 18 U.S.C. § 2, Aiding and Abetting. It was stated that while I was aiding and abetting another person, I distributed a listed chemical in violation of 21 U.S.C. § 841 and that I did so knowingly. Therefore, I took a plea to Count 1 - 21 U.S.C. § 841(f)(1), Wrongful Distribution or Possession of listed Chemical and 18 U.S.C. § 2, Aiding and Abetting.

## III. ARGUMENTS

28 U.S.C.A. § 2255 requires a prisoner's sentencing court to release him/her if the prisoner's sentence was imposed in violation of the Constitution or laws of the United States, if the court was without jurisdiction to impose the sentence, if the sentence exceeded the maximum authorized by law, or if the sentence is otherwise subject to collateral attack. The statute provides that if the court finds for the prisoner, it may resentence him/her or set the conviction aside, as is appropriate.

A. <u>DENIAL OF RIGHT TO APPEAL</u>

The Sixth Amendment rule that a criminal defense attorney's failure

to pursue an appeal requested by a client constitutes ineffective assistance of counsel regardless of the merits of the appeal applies even in cases in which the clients waived their rights to the appeal as part of a plea bargain, the U.S. Court of Appeals for the Second Circuit held March 23, 2006. The Court is among those that have decided that an appeal waiver does not foreclose the filing of a so-called "Anders" brief, and counsel's failure to do so when requested by a client triggers the per se rule prejudice rule, the court decided here. (Campusano v. United States, 2d Cir., No. 04-5134-pr, 3/23/06).

Roe v. Flores-Ortega, 528 U.S. 470 (2000), the U.S. Supreme Court decided that, when a defendant asks his attorney to file an appeal that he was deprived and the attorney drops the ball, prejudice is to be presumed, and the defendant is entitled to bring the appeal that he was deprived of by the attorney's substandard performance. The court on Flores-Ortega made clear that "[w]hen counsel fails to file a requested appeal, a defendant is entitled to a new appeal without showing that his appeal would likely have had merit."

In the case before the Second Circuit, a defendant entered into a plea agreement that contained a provision waiving his right to bring an appeal. The attorney did not file notice of an appeal, but the defendant later claimed in an application relief that he had asked his attorney to do so.

The government argued that the defendant was not entitled to any relief unless he established that the claims in the foregone appeal were outside the scope of the appeal waiver in the plea agreement and

-4-

would require reversal of the conviction.

The count observed that it has previously held than an appeal waiver in a plea agreement does not relieve the defense counsel of it obligation to file a no-merit brief pursuant to Anders v. California, 388 U.S. 738, (1967), when a defendant has filed a notice of appeal on his own. See, United Sttaes v. Gomez-Perez, 215 F. 3d 315 (2d Cir. 2000) (post-waiver Anders brief must address; whether the plea and waiver were knowing, voluntary, and competent; whether it would be against the defendant's interest to coontest his or her plea; and any issues implicating rights that cannot be, or arguably were not, waived).

I was informed by my attorney that I could not appeal my conviction or my sentence because I had signed a plea agreement in which I waived all my rights to an appeal. During thus process, I was never informed that I had a right to appeal my case, nor was I told how to proceed if I wanted to appeal this conviction and sentence on my own, pro se. I was just told that I had signed away my rights to an appeal .

According to case law, it has been stated that even if my attorney would have filed an "Anders" brief in the court of appeals, but does not inform me of the right to file a pro se petition for discretionary review in a higher court is a violation of my Sixth Amendment rights. The Texas Coourt of Criminal Appeals ruled September 13, 2006, that the failure of appellant coounsel to inform his client of his right to file a pro se petition for discretioonary review is a violation of the

-5-

defendant's Sixth Amendment rights to effective assistance of counsel would prevail without having to show that he would have managed to obtain discretionary review if he had been properly advised. (Ex parte Owens, Tex. Crim. App. No. AP-74,996, September 13, 2006).

Therefore, reviewing the legalities of my case, I have been denied the right to appeal my case on several means and was not even given proper information by my counsel as to what I could or could not due even though I had signed a plea agreement. It was my believe that I had an attorney to help me fight my case on the grounds that were legally my rights as it is contained in the Constitution of the United States. There was a violation of my right on all counts and I feel that I should be given the right to argue my case based on the ineffective assistance of my counsel for failure to inform me of all my rights.

B.  DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL

I feel that I have stated the facts concerning this ground as it applied to my case under the ground of Denial of Right to Appeal. I stated all the case law that was never explained to me as to how I could fight my case even though the right to appeal waiver existed in the plea agreement.

In Ex parte Wislon, 956 S.W. 2d 25 (Tex. Crim. App. 1997), the court held that appellate counsel may not deny a client the right or opportunity to seek discretionary review pro se even though the attorney need not discuss the merits of such review with the client. This ruling built on Ex parte Jarrett, 891 S.W. 2d 941 (Tex. Crim. App. 1995), in

-6-

which the court said that a defendant is denied his Sixth Amendment right to effective assistance of counsel if appellate counsel's action or inaction costs him the opportunity to seek discretionary review.

Due to lack of knowledge, I did not even get to the level of being able to appeal my case and then filing a pro se discretionary review, due to failure of my attorney to inform me of my rights to file a direct appeal or his lack of knowledge to file an "Anders" brief on my behalf. This then led to the failure of him informing me of the right to file a discretionary review in a higher court. Therefore, as I review this matter and I ask the court to do the same, as it relates to the rights that I was denied due to my attorney's failure to inform me of my rights, even though a plea agreement was, that does not deny me of my right to argue my case.

C. DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS RIGHTS AS IT RELATES TO COMPETENCE

The Due Process of the Fifth and Fourteenth Amendments prohibit the federal or state government from trying and convicting a defendant for competency. Cooper v. Oklahoma, 517 U.S. 348 (1996); Medina v. Califonria, 505 U.S. 437 (1992); United Sttaes v. Battle, 419 F. 3d 1292 (11th Cir. 1995). The test for determining competence to stand triao is whether a defendant has sufficient present ability to consult with his/her lawyer with a reasonable degree of rational understanding, and whether he/she has a rational as well as factual understanding of the proceedings against him/her. In this connection, evidence of a defendant's irrational

-7-

behavior, his demeanor at trialand any prior medical opinion on competence to stand trial are all relevant.

In Agan v. Dugger, 835 F.2d 1337 (11th Cir. 1987), the court held that the defendant's "highly irregular" behavior should have prompted the court to conduct a competency inquiry prior to accepting the defendant's guilty plea. During the coourse of my sentencing my mother was approached with regard to signing paperwork in order to hve me committed to a santarium. Therefore, if the govenrment and/or my attorney had questions as to whethwer I was competent to take the plea agreement or whether I understood what I was being said to me during the negotiation of the plea agreement. I am on medications and I do not and did not have any knowledge as to what was happening to me at the time that this was happeining. Therefore, I feel that the due peocess clause was ommitted and I was given a minimum, to access to a competent psychiatrist who will conduct an appropriate examination.

Similarly, in Tiller v. Esposito, supra, the court held that the trial court should have conduct a competency hearing prior to accepting the defendant's guilty plea. The defendant had attempted suicide on more than one occasion and there was psychiatric eveidence thatthe defendant suffered from halaucinations and was a severe paranoid schizophrenic.

When a habeas petitioner challenges the trial court's failure to conduct a competency hearing, the petitioner must present clear and convincing evidence to create a real, substanital and legitimate doubt

-8-

as to his mental capacity to meaningfully participate and cooperate with counsel. The fact must positively, unequivocllly and clearly legitimate doubt. Bundy v. Dugger, 816 F.2d 564 (11th Cir. 1987); Johnston v. Singletary, 162 F.3d 630 (11th CIr. 1998). For purposes of assessing whether such a legitimate dobt is created, the appellant court must accept as tru petitioner's alleged facts. Card v. Singletary, 981 F.2d 481 (11th Cir. 19920; Adams v. Wainwright. 764 F. 2d 1356 (11th Cir. 1985). The petitioner failed to sustain this rigorous burden of proof in Card.

In my case, I did have suicidal tendencies and with the doctor prescribed medicines and I am still taking medicines that were prescribed by medical. I am not sure that I really understood the information that was discussed with me during the time that the defense and the prosecutor were negotiating the plea agreement. I was so strssed at the time this was happening that I really do not remeber what was said prior to the plea agreement being finalized. I just feel like my attorney was not forthcoming with infornation that would have been helpful to me at the time.

## CONCLUSION

I pray that the Honorable Court will review all the information that is contained in this Memorandum of Law as it referenced my case, and will allow me the rght to vacaate, set aside, or correct sentence. I pray this court would take into considerate that I was denied the right to appeal the case and was not properly infornoed of the legal

-9-

ramifications that should have been taken during the time of my sentence and even afterwards. I strongly urge this court to reconsider the case and the method in which it was handled.

Respectfully submitted,

*Mary Wages Bobo*
Mary Wages Bobo
REG #11731-002
FPC - Marianna
Seminole A
P. O. Box 7006
Marianna, FL   32446-7006

DATED: July 06, 2007

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff | )<br>)<br>)<br>) |
| v. | )  CR NO.  2:05cr151-LSC<br>)  CV NO.: 2:07cv482-MHT<br>)<br>) |
| MARY WAGES BOBO,<br>        Defendant | )<br>) |

## CERTIFICATE OF SERVICE

I, Mary Wages Bobo, ceritfy that I have this day served upon the individuals listed below a copy of the Memorandum of Law in Support of Habeas Corpus Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255-Federal. The documents were taken to R&D for mailing which is located at FPC - Marianna.

Clerk of Court
United States District Court
for the Middled District of Alabama
One Court Square
P. O. Box 197
Montgoemry, AL   36101-0197

Tommie Brown Hardwick
Assistant U.S. Attorney
for the Middle District of Alabama
One Court Square
P. O. Box 197
Montgomery, AL   36101-0197

The proper amount of postage was affixed to the envelopes.

The envelopes were taken to R&D on the 6th day of July, 2007.

Respectfully submitted,

*Mary Wages Bobo*
Mary Wages Bobo, Pro Se
REG #11731-002
FPC - Marianna
Seminole A
P. O. Box 7006
Marianna, FL   32446-7006

DATED: July 06, 2007

MARY WAGES BOBO
REG #11731-002
SEMINOLE A
FPC - Marianna
P. O. Box 7006
Marianna, FL  32446-7006

CLERK OF COURT
UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT
OF ALABAMA
ONE COURT SQUARE
POST OFFICE BOX 197
MONTGOMERY, AL  36101-0197



FEDERAL CORRECTIONAL INST.
3625 FCI ROAD, MARIANNA, FL 32446
DATE _____

THE ENCLOSED LETTER WAS PROCESSED THROUGH SPECIAL MAILING PROCEDURES FOR FORWARDING TO YOU. THE LETTER HAS BEEN NEITHER OPENED NOR INSPECTED. IF THE WRITER RAISES A QUESTION OR PROBLEM OVER WHICH THIS FACILITY HAS JURISDICTION, YOU MAY WISH TO RETURN THE MATERIAL FOR FURTHER INFORMATION OR CLARIFICATION. IF THE WRITER ENCLOSED CORRESPONDENCE FOR FORWARDING TO ANOTHER ADDRESSEE, PLEASE RETURN THE ENCLOSURE TO THE ABOVE ADDRESS.