IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARY WAGES BOBO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:07cv482-MHT |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

As part of her written plea agreement, the petitioner entered a waiver of her rights to appeal or collaterally attack her sentence except on the grounds of ineffective assistance of counsel and prosecutorial misconduct. In her § 2255 motion, the petitioner asserts that she wished to appeal her conviction and sentence but was advised by her counsel that she could not do so based on the terms of her plea agreement. As a general rule, "a claim of ineffective assistance of counsel cannot be considered on direct appeal if the claims were not first raised before the district court and if there has been no opportunity to develop a record of evidence relevant to the merits of the claim." *United States v. Perez-Tosta*, 36 F.3d 1552, 1563 (11th Cir. 1994). The record in the petitioner's case demonstrates that the district court was not presented with any claims of ineffective assistance of counsel and that there was no opportunity to develop a record of evidence relevant to the merits of such claims. Under the circumstances, this court deems it appropriate to direct the petitioner to file a supplement to

her § 2255 motion stating the issue or issues that she intended to raise in an appeal from her conviction and sentence.  Accordingly, it is

**ORDERED** that **on or before March 16, 2009**, the petitioner shall file a supplement to her § 2255 motion stating with clarity the issue or issues she intended to raise in a direct appeal.

Done this 24th day of February, 2009.


    /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE